1    BENBROOK LAW GROUP
     BRADLEY A. BENBROOK (SBN 177786)
2    400 Capitol Mall, Suite 1610
     Sacramento, CA  95814
3    Telephone: (916) 447-4900
     Facsimile:  (916) 447-4904
4

5    DLA PIPER LLP (US)
     DAVID A. CHEIT (SBN 121379)
     400 Capitol Mall, Suite 2400
6    Sacramento, CA  95814
     Telephone: (916) 930-3200
7    Facsimile:  (916) 930-3201

8    Special Counsel for Appellee and
     Cross-Appellant David Flemmer,
9    Chapter 11 Trustee

10

11                UNITED STATES DISTRICT COURT

12                EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re CWS Enterprises, Inc., a California Corporation, | Case No.:  CIV S-12-0142 KJM |
| Debtor, | Bankr. Court Case No. 09-26849-C-11 |
| | Adv. Proc. Case No. 10-02226-C |
| Spiller McProud, | **STIPULATION AND ORDER FOR STAY PENDING APPEAL** |
| Appellant, | |
| v. | |
| CWS Enterprises, Inc., a California Corporation, David D. Flemmer, Chapter 11 Trustee, and Charles W. Siller, | |
| Appellees. | |
| And consolidated appeals and cross-appeals | |

**RECITALS**

1.     This Court entered an order on September 17, 2014, and a judgment on September 30, 2014 (the "Order and Judgment"), in the above-referenced appeal from the bankruptcy court (the "Bankruptcy Case").  CWS Enterprises, Inc. ("CWS") has commenced an appeal of the Order and Judgment to the Ninth Circuit Court of Appeals.

2.     Under the Third Amended Plan of Reorganization (the "Plan") confirmed in the Bankruptcy Case, claimant Spiller McProud ("Spiller") maintains deeds of trust on multiple properties owned by CWS to secure any payment owing to Spiller following resolution of appeals relating to its claim (the "Deeds of Trust").  The Plan further provides:

> In the event the Class 2.6.b Claimant [Spiller] prevails on its appeal or appeals or the final allowed claim is established by compromise, and the final allowed amount of its claim is determined to be in excess of the amount of the Interim Payment, the excess amount shall bear interest at 4.0% per annum from the Petition Date until paid in full.  Trustee/Plan Administrator shall use his best efforts to pay in full the excess amount plus interest within 6 months following entry of the order finally determining the Class 2.6.b Allowed Claim.

3.     CWS and Charles Siller subsequently filed a motion for stay pending appeal, without the posting of a supersedeas bond, of the Order and Judgment.  They argued in the motion that the Deeds of Trust were adequate security in lieu of a bond.  Spiller opposed the motions, expressing its preference for a more liquid form of security.

4.     The parties have agreed to compromise the dispute as set forth below.

**STIPULATION**

The Order and Judgment shall be stayed pending appeal, without the posting of a supersedeas bond, on the conditions set forth below:

1.     In the event the final resolution of the appeal (and any remand) involves further payment to Spiller on its claim in the Bankruptcy Case, the interest on such payment shall increase, effective September 17, 2014, from 4% (as provided in the Plan) to 7% per annum.

2.     CWS shall maintain $3 million as security for payment of any sums due to Spiller in either of the following forms (or in combination, provided that the total amount of such security shall be $3 million): (a) available borrowing under its existing line of credit, the limit of which is

being increased from $2.5 million to more than $3 million), and/or (b) cash in a blocked account. As an example, if CWS deposits $500,000 in a blocked account, its obligation to maintain available borrowing under its line of credit shall be reduced to $2.5 million.  Spiller will cooperate with CWS in establishing any such blocked account.  If such an account is opened, CWS will provide account statements on a quarterly basis to Spiller.

3.      At such time as CWS confirms to Spiller that it has $3 million in security through either or both of the forms described above, Spiller will reconvey the Deeds of Trust to CWS.  In the event any of the properties encumbered by the Deeds of Trust are required as security by CWS's lender for the increased line of credit, Spiller will cooperate with CWS to facilitate the transfer of such security.  CWS shall establish such $3 million in security by January 30, 2015.

4.      CWS shall provide quarterly financial statements to Spiller.

5.      Upon final entry of any order, following all appeals, that CWS must make additional payment on Spiller's claim in the Bankruptcy Case, such payment shall be made within 30 days of such order.

Dated:  December 19, 2014              BENBROOK LAW GROUP, PC


                                       By  */s/ Bradley A. Benbrook*_____
                                           BRADLEY A. BENBROOK
                                           brad@benbrooklawgroup.com
                                           Attorney for David Flemmer, Trustee


Dated:  December 19, 2014              DAHL LAW


                                       By */s/ Walter R. Dahl*_____
                                           WALTER R. DAHL
                                           wdahl@dahllaw.net
                                           Attorney for Spiller McProud

**ORDER**

1.      The Order and Judgment shall be stayed pending appeal, without the posting of a supersedeas bond, on the conditions set forth in the Stipulation above.

2.      The motions for stay filed by CWS and Charles Spiller shall be taken off calendar.

DATED:  December 19, 2014.

_____
UNITED STATES DISTRICT JUDGE

STIPULATION AND ORDER FOR STAY PENDING APPEAL
Case No. CIV S-12-0142 KJM